IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARTER FITNESS OF SKYVIEW, LLC,
CHARTER FITNESS OF FAR NORTH, LLC,
CHARTER FITNESS OF RIO RANCHO, LLC, and
PETER J. VRDOLYAK, III,

    Plaintiffs,

v.                                                                                          CIV 12-0365 KG/KBM

MAXREP, LLC, BILL RODWAY, and
J.B. PRIVITT,

    Defendants.

## ORDER ON EXPEDITED MOTION FOR EXTENSION OF DISCOVERY DEADLINE

**THIS MATTER** comes before the Court on Plaintiff Peter J. Vrdolyak, III's ("Plaintiff Vrdolyak's") Expedited Motion for Extension of Discovery Deadline (*Doc.70*), filed June 19, 2014. Having reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court finds that the motion is well-taken and will be granted.

Plaintiff Vrdolyak requests a thirty (30) day extension of the June 30, 2014 discovery deadline for purposes of oral discovery, arguing that the recent entry of appearance by his new counsel, combined with other factors, constitutes good cause under Federal Rule of Civil Procedure 16(b)(4) for such an extension.

Defendants oppose the requested extension, contending that 1) Plaintiff Vrdolyak's decision to obtain new counsel should not favor the extension; 2) Plaintiff Vrdolyak does not explain which allegedly inadequate discovery

responses may identify further potential deponents; 3) Plaintiff Vrdolyak does not demonstrate that the resolution of the issue of a proper form of protective order relating to his financial statements justifies further depositions beyond the discovery deadline; 4) Plaintiff Vrdolyak does not name a single individual as a potential deponent based on Defendant's supplemental discovery responses, and he still had adequate time to notice depositions after the responses were served on May 29, 2014; and 5) Defendants have limited resources to sustain a prolonged period of discovery.  *Doc. 74.*

In his reply brief, Plaintiff Vrdolyak clarifies that he is seeking an extension of the discovery deadline "for the very narrow purpose of possibly taking the depositions of only three individuals, Mr. Andrew Lawrie, Mr. Tom Stephens, and Mr. Sal Venuto."  *Doc. 78* at 4. Notably, the narrowing of his requested extension alleviates altogether certain of Defendants' concerns and minimizes others.

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  There are six factors that a court should consider in deciding whether discovery should be extended or reopened, including

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.*

Here, the first factor weighs strongly in favor of granting the extension, as the presiding judge has not yet set a trial date in this case.  While the second

factor, whether the extension is opposed, weighs against granting the extension, the Court notes that the reasons articulated for Defendant's opposition are not particularly strong, especially given the limited nature of the requested extension. The third factor, prejudice to the non-moving party, weighs in favor of granting the extension, as Defendants have not articulated any compelling prejudice in granting the limited extension for oral discovery.

Considering the fourth factor, the moving party's diligence in seeking discovery, the Court finds that Plaintiff Vrdolyak was neither remarkably expeditious nor unreasonably dilatory in conducting discovery. The record reflects that Plaintiffs served written discovery requests in February 2014, three months after the Court entered its Scheduling Order in this case. *Doc. 49.* Defendants note, however, that they produced more than 3,600 pages of documents in response to Plaintiffs' discovery requests, suggesting that the requests were relatively extensive. *See Doc. 74* at 2. Additionally, a month before the discovery deadline and a week after Plaintiff Vrdolyak's new counsel entered his appearance, Plaintiff Vrdolyak and the remaining plaintiffs served Defendants with additional written discovery requests. *See Doc. 74* at 2; *Doc. 70* at 3. Thus, the fourth factor weighs slightly in favor of granting the extension.

The fifth factor, foreseeability for the need for discovery, also weighs slightly in favor of granting the extension. Plaintiff Vrdolyak explains that it was "not until after review of Defendants' discovery responses, some of which arrived as late as July 3, 2014, that Plaintiffs recognized the depositions of [Mr. Lawrie, Mr. Stephens, and Mr. Venuto had] become vitally important to narrowing the

3

issues before the Court and to the just dispensation of this case." *Doc. 78*. Defendants maintain that Plaintiffs were aware of Mr. Lawrie at least by the time of the February 2012 Rule 2004 examination of Defendant Bill Rodway in the context of bankruptcy proceedings. Yet Plaintiff Vrdolyak's position that his "awareness" of Mr. Lawrie's existence did not cause him to understand Mr. Lawrie's importance to the claims and defenses is a reasonable one.

The sixth and final factor, the likelihood the discovery will lead to relevant evidence, weighs in favor of granting the extension. Plaintiff Vrdolyak represents that the individuals he seeks to depose have first-hand knowledge of many of the transactions in this case and that their depositions "could be integral to Plaintiff's case." *Doc. 70* at 2, 4. Defendants do not make any arguments or provide any evidence to the contrary.

In sum, the *Smith* factors, on balance, weigh in favor of granting the requested extension. Additionally, the parties have sought no prior extensions or modifications of the Court's Scheduling Order, and this request was made within the discovery period. Moreover, the requested extension is for a brief period, thirty days, and for a limited purpose, three depositions. For all of these reasons the Court finds it appropriate to extend both the deadline for oral discovery as well as the deadline for dispositive motions.

**IT IS HEREBY ORDERED** that the discovery deadline is extended until July 30, 2014, for the limited purpose of conducting the depositions of Andrew Lawrie, Tom Stephens, and Sal Venuto;

4

**IT IS FURTHER ORDERED** that the deadline for filing dispositive motions is extended until August 11, 2014.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

5